Hernández, Peticionario-Apelante *v.* Corte Municipal de Manatí, Apelado.[1]

No. 4238.—Resuelto en Febrero 24, 1928.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

El elemento esencial de una sentencia es el poder de ejecutarla. Por tanto, aunque he tomado parte en decisiones que resuelven que la ejecución de una sentencia se suspende

---

[1] Véase la opinión del Tribunal en la página 786.

cuando se interpone un recurso de apelación, siempre he tenido serias dudas de si las disposiciones del Código de Enjuiciamiento Civil que suspenden los efectos de una sentencia sin que se preste fianza o se dé una garantía, equivalen a un debido procedimiento de ley. Habiendo tenido estas dudas, aun cuando se interponga la apelación, no puedo quedar convencido de que un litigante victorioso tenga que esperar para ejecutar su sentencia hasta que haya transcurrido el término para apelar. Aunque la ley en este caso expresamente dice que se expedirá la orden de ejecución después de transcurrido el término para apelar, por sus propios términos no prohibe que se expida la orden de ejecución cuando tal apelación no ha sido interpuesta. Debería existir siempre el derecho a ejecutar la sentencia hasta tanto la parte perdidosa hiciera realmente imposible que la parte victoriosa pudiera ejecutarla. La idea que tengo es que el litigante victorioso siempre puede ejecutar la sentencia con sujeción a cualquier consecuencia que pudiera surgir si la parte vencida apela. Es ésta la razón por la cual existe el recurso de *Audita querela.* Véase 6 C. J. 850, *et seq.*